MICHELE BECKWITH
Acting United States Attorney
DAVID GAPPA
Assistant United States Attorney
2500 Tulare Street, Suite 4401
Fresno, Ca 93721
Telephone: (559) 497-4000
Facsimile: (559) 497-4099

MCKENZIE HIGHTOWER
Trial Attorney
U.S. Dept. of Justice, Criminal Division
Child Exploitation and Obscenity Section
 1301 New York Avenue NW, 11TH Fl.
Washington, DC 20005
Telephone: (202) 215-7126
E-mail: mckenzie.hightower2@usdoj.gov

Attorneys for Plaintiff
United States of America

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　Plaintiff,<br><br>　v.<br><br>NATHANIEL DIAZ,<br><br>　　　　　　Defendant. | Case No: 1:25-CR-00052-KES-BAM<br><br>STIPULATION BETWEEN THE UNITED STATES AND DEFENDANT REGARDING PRODUCTION AND REVIEW OF PROTECTED INFORMATION AND PROTECTIVE ORDER<br><br>Ctrm:　　　　8<br><br>Hon.　　　Barbara A. McAuliffe |

　　　This case involves charges related to the sexual exploitation of a minor. The discovery in this case contains private personal information regarding third parties (both adults and minors), including names, dates of birth, physical descriptions, telephone numbers and/or residential addresses and other sensitive information that does not need to be available to the public or persons other than defense counsel and/or the defendant. The case also involves images that might constitute depictions of a minor

1

engaged in sexually explicit conduct that the government is not authorized to reproduce and that the defense is not legally entitled to possess.

As a result, defendant NATHANIEL DIAZ, by and through his counsel of record, Barbara O'Neill (defense counsel), and the United States of America, by and through Assistant United States Attorney David Gappa, and Trial Attorney McKenzie Hightower, agree as follows:

1. This court may enter a protective order under Rule 16(d) of the Federal Rules of Criminal Procedure, and the court's general supervisory authority.

2. The protective order should cover all discovery provided to or made available to defense counsel as part of discovery in this case including digital evidence and contraband.

3. The Department of Homeland Security Investigations (HSI) shall make any contraband material available to defense counsel for review within the confines of the HSI office in downtown Fresno.

4. Any contraband evidence shall be made available for defense counsel, Barbara O'Neill, for the purpose of preparing for the defense of the above-entitled action. The contraband evidence shall not be viewed by any other person unless defense counsel is present and the viewing is necessary to prepare for defendant=s defense.

5. Neither defense counsel nor any defense expert or investigators shall remove any contraband material from the HSI office.

6. Any disputes regarding the above or problems implementing this order shall be brought to the attention of the court through representative counsel after first consulting opposing counsel.
By signing this stipulation and protective order, defense counsel agrees not to share any documents that contain protected information with anyone other than a designated defense investigator, designated defense expert, and support staff. The parties agree that defense counsel, defense investigators, and support staff shall not allow the defendant to copy protected information contained in the discovery or to review unredacted versions of documents. The parties agree that defense counsel, defense investigators, and support staff may provide the defendant with copies of documents, if any, from which protected information has first been redacted.

7      The discovery and information therein may be used only in connection with the litigation of this case and for no other purpose. The discovery is now and will forever remain the property of the United States of America (the government). Defense counsel will return the discovery to the government or certify that it has been destroyed at the conclusion of the case or defense counsel's participation in the case as counsel.

8.      Defense counsel will store the discovery in a secure place and will use reasonable care to ensure that it is not disclosed to third persons in violation of this agreement.

9.      Defense counsel shall be responsible for advising the defendant, employees, and other members of the defense team, and defense witnesses of the contents of this stipulation and order.

10.      In the event that defendant substitutes counsel, undersigned defense counsel agrees to withhold discovery from new counsel unless and until substituted counsel agrees also to be bound by this order.

Dated: June 8, 2025                                /s/ Barbara H. O'Neill
                                                   Barbara H. O'Neill
                                                   Attorney for defendant
                                                   Nathaniel Diaz


Dated: May 21, 2025                                MICHELE BECKWITH
                                                   Acting United States Attorney

                                                   /s/ David Gappa
                                                   David Gappa
                                                   Assistant U.S. Attorney

                                                   /s/ McKenzie Hightower
                                                   McKenzie Hightower
                                                   Trial Attorney
                                                   United States Department of Justice
                                                   Criminal Division
                                                   Child Exploitation and Obscenity Section

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>            Plaintiff,<br><br>       v.<br><br>NATHANIEL DIAZ,<br><br>            Defendant. | Case No: 1:25-CR-00052-KES-BAM<br><br>ORDER ON STIPULATION BETWEEN THE UNITED STATES AND DEFENDANT REGARDING PRODUCTION AND REVIEW OF PROTECTED INFORMATION |

## ORDER

1. The discovery and information within it may be used only in connection with the litigation of this case and for no other purpose. The discovery is now and will remain the property of the United States of America (the government). Defense counsel will return the discovery to the government at the conclusion of the case or certify that she has destroyed any copy of discovery that was provided to defense counsel.

2. Defense counsel may permit the defendant to view documents in the presence of his attorney(s), defense investigator(s), and/or support staff. The parties agree that defense counsel, defense investigator(s), and support staff shall not allow the defendant to copy or record protected information

4

contained in the discovery. The parties agree that defense counsel, defense investigator(s), and support staff may provide the defendant with copies of documents, if any, from which protected information has first been redacted.

3. Defense counsel will store the discovery in a secure place and will use reasonable care to ensure that it is not disclosed to anyone in violation of this agreement. Defense counsel shall be responsible for advising the defendant, employees, and other members of the defense team, and defense witnesses of the contents of this stipulation and order.

4. If requested, the Fresno Homeland Security Investigations (HSI) office shall make contraband material that cannot otherwise be released to the defendant available for review or inspection at the HSI office in Fresno.

5. Any disputes regarding the above or problems implementing this order shall be brought to the attention of the court through representative counsel after first consulting opposing counsel.

IT IS SO ORDERED.

Dated:   **June 9, 2025**                         /s/ Barbara A. McAuliffe
                                                  UNITED STATES MAGISTRATE JUDGE